

J4

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Stapleton
County Attorney
Floyd County
Floydada, Texas

Dear Sir:

Opinion No. O-1811
Re: Necessity for holding an elec-
tion for County Superintendent
of Public Instruction, in Floyd
County, in 1940, and the term
of office for the person elected.

We are pleased to reply to your letter of December
30, 1939. We quote from parts of your letter:

"Will it be necessary to hold an election
for County Superintendent of Public Instruction
in Floyd County in 1940? If so, will the person
elected at such election be elected for a full
four year term?

"Prior to November 4, 1939, no office of
County Superintendent of Public Instruction ex-
isted in Floyd County, the scholastic population
of Floyd County being below 3000. On November 4,
1939, after due petition, order of election, etc.,
as required by Article 2688, V.A.C.S., at an elec-
tion held to determine whether or not the office
of County Superintendent should be created in
Floyd County, a majority of the qualified tax-
paying voters voting at said election voted for
the creation of such office in said county. On
November 13, 1939, at its next regular term after
said election, the Commissioners' Court of Floyd
County created the office of County Superintendent
of Public Instruction and appointed Clarence
Guffee County Superintendent."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John Stapleton, Page 2

That part of Article 2688, Vernon's Annotated Civil Statutes, 1925, which is pertinent to the facts which you present provides:

". . . and, if a majority of the qualified property tax-paying voters voting at said election shall vote for the creation of the office of County Superintendent in said county, the Commissioners' Court, at its next regular term after the holding of said election, shall create the office of County Superintendent, and name a County Superintendent who shall qualify under this Chapter and hold such office until the next General Election. . . ." (Underscoring ours)

As far as we have been able to ascertain, there is no Texas case construing the above quoted portion of Article 2688. In investigating the cases of other jurisdictions, relative to the phrase "next general election", we have found none with facts analogous to those which you have presented. These cases refer to appointments made for the unexpired terms of various offices and are not relative to the appointments made to fill newly created offices. After considering these cases, we find that the courts are in conflict as to the meaning of "next general election". Numerous jurisdictions conclude that this phrase relates to the "general election" which is next in point of time. Other jurisdictions adopt the rule that "next general election" refers to the next general election at which a successor to the office would have been elected had there been no vacancy. The wording of the Constitution or the Statutes of the particular jurisdiction appears to be the controlling factor in each instance.

These statements are verified by the many cases which we have considered (too numerous to mention here) and by the note in 50 L.R.A. (N.S.) 359, which states in part:

"The courts are in conflict as to the meaning of the phrase 'next general election' or similar expression, used in the statutes providing for the filling of vacancies in public offices. In the absence of specific constitutional or statutory construction, some courts take the view that such phrases mean the election next in point of time, while others hold that such phrases refer to the next election at which a successor to the

Honorable John Stapleton, Page 3

office would have been elected had there been no
vacancy.

".  .  .

"As was stated above, the term 'next general
election' has been held to mean the general elec-
tion next in point of time, although, had there
been no vacancy, no election to the office would
have been held until some subsequent year.
(Citing cases)

".  .  .

"On the other hand, it has been held that
the phrase 'next general election' refers to the
general election at which the office would have
been filled had there been no vacancy. (Citing
cases)  .  .  ."

In view of these conditions and circumstances, we
must resort to a construction of our own statutes to determine
the meaning of the phrase "next general election", and not
blindly adopt the rule of another jurisdiction whose particular
constitution or statutes are worded differently from our own.

In construing statutes, as a general rule, words in
common use, when contained in a statute, will be read accord-
ing to their natural, ordinary and popular meaning.  Also, an
act should be given a fair, rational, reasonable and sensible
construction, considering its language and subject matter.
These rules are so well established and familiar that no author-
ity is necessary.

"It is", also, "the general policy of the law to fill
vacancies in an elective office at an election as soon as prac-
ticable after the vacancy occurs.  State vs. Schroeder, 79 Neb.
759, 113 N.W. 192".  State ex rel. Roerick vs. Board of Com'rs.
of Lyman County, et al, S.D. 1914, 145 N.W. 548; See also 46
Corpus Juris, Sec. 121, p. 974, and cases cited. (Underscoring
ours)
This rule is followed in Texas as is shown by the case
of Dobkins vs. Reece, Civ. App. 1929, 17 S.W. (2d) 81, where the
court, on p. 83, said:

"'As was said by Judge Moore in Wright vs. Adams,
45 Tex. 134, It is believed, moreover, to be a

Honorable John Stapleton, Page 4

sound rule of construction, which holds, when the
duration or term of an office which is filled by
popular election is a question of doubt or un-
certainty, that the interpretation is to be fol-
lowed which limits it to the shortest time, and
returns to the people at the earliest period the
power and authority to refill it. . . .'"

Article 2930, Vernon's Annotated Civil Statutes of
1925, provides in part:

"A general election shall be held on the
first Tuesday after the first Monday in Novem-
ber, A. D. 1926, and every two years thereafter,
at such places as may be prescribed by Law, after
notice as prescribed by Law. . . ."

By virtue of the last quoted portion of Article 2930
and the rules of construction above set out, it is the opinion
of this department that it will be necessary to hold an election
for County Superintendent of Public Instruction for Floyd County
in 1940.  Such is the conclusion reached by giving the quoted
portion of Article 2688, supra, its natural, ordinary, reason-
able and sensible construction, and by returning to the people
at the earliest period the power and authority to refill the
elective office.

The word "next", in common parlance, means "nearest"
and is so defined in Webster's New International Dictionary.
The general election to be held in 1940, in compliance with
Article 2930, supra, is the general election "nearest" to the
time of appointment of your present County Superintendent of
Public Instruction.

The construction we have placed on that portion of
Article 2688, supra, which is pertinent to the facts which you
have presented, is supported by an opinion rendered by this
department, No. O-1664.  The statute under consideration in
that opinion was Article 2355, Vernon's Revised Civil Statutes,
1925, and its terminology is very similar to that portion of
Article 2688 which we are considering.  We quote Article 2355:

"The Court shall have power to fill vacancies
in the office of:  County Judge, County Clerk,
Sheriff, County Attorney, County Treasurer, Coun-
ty Surveyor, County Hide Inspector, Assessor of
Taxes, Collector of Taxes, Justices of the Peace,

Constables, and County Superintendent of Public Instruction. Such vacancies shall be filled by a majority vote of the members of said Court, present and voting, and the person chosen shall hold office until the next general election. As amended Acts 1927, 40th Leg., 1st C.S., p. 248, ch. 90, § 1." (Underscoring ours)

The facts presented in Opinion No. 0-1664 were stated as follows:

"'In my special case, my husband's term would have expired January 1, 1943, since this is a four year office and he had served not quite one year of his term. I am told that I can hold it until the next general election, but it seems to me this should be interpreted as meaning until the next general election for this office, which would occur in 1942. Which interpretation is correct?'"

On the basis of these facts, the opinion stated:

"Prior to 1931, the office of county school superintendent was for a term of two years. Since 1931, the office of county school superintendent has been for a term of four years. The other county offices enumerated in Article 2355 are for terms of two years. There are numerous district and state offices for longer terms than two years, and irrespective of the length of the unexpired term of the appointee's predecessor, the appointee may only hold office until the next general election. There has been no judicial construction of Article 2355, aforesaid, as to the office of county school superintendent. However, the language is clear and is not subject to a contrary construction than that the appointee must be up for election, and that the office is open to election at the next general election, and that the term of the appointee will expire on January 1st following the next general election. That is, where an elective office is vacant and is filled by appointment of the Governor or Commissioners' Court, such appointive power is only a matter of expediency in that the will and power of the people will prevail to name the incumbent at the next general election."

Honorable John Stapleton, Page 6

In answer to your second question, you are respectfully advised that, in our opinion, the person elected to the office of County Superintendent of Public Instruction at the next general election will be elected for a term of four years.

Nowhere, have we been able to find any provision in the Statutes or Constitution of this State requiring the County Superintendents of the various counties to be elected at the same general election; nor have we found any provision that would require the county superintendent to be elected at any specific general election, and then at the end of regular intervals thereafter.

Attention is directed to that portion of Article 2688, supra, which provides:

"The Commissioners' Court of every county having three thousand (3,000) scholastic population or more as shown by the preceding scholastic census, shall at a General Election provide for the election of a County Superintendent to serve for a term of four (4) years, . . ." (Underscoring ours)

This provision clearly indicates that county superintendents are not required to be elected at any specific general election, but, on the other hand, such officers may be elected at any general election prescribed by Article 2930, supra, provided, of course, all other necessary requirements are met.

In view of this provision, and conclusion, and by virtue of the fact that the present county superintendent of Floyd County was not appointed to fill an unexpired term of a previous officer, there is nothing which would limit the person elected at the next general election to a term of less than four years.

Article 2688a, Vernon's Annotated Civil Statutes, 1925, provides:

"In all counties in which the county superintendent of schools is chosen by popular election the term of office shall be four years."

Since the County Superintendent of Public Instruction

Honorable John Stapleton, Page 7

is to be elected at the next general election, and since such officer will not be elected to fill an unexpired term of the previous superintendent, it is our opinion that such duly elected officer will be entitled to a four year term as provided for in Article 2688a, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

By Harry Shuford
Harry Shuford

HS:jm

APPROVED JAN 27, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN